BETTY CRAMER AND ALBERT CRAMER, PLAINTIFFS-APPELLANTS, v. NEIL J. BETCHNER, DEFENDANT-RESPONDENT.

Argued April 25, 1966—Decided June 10, 1966.

See also 46 *N. J.* 425, 217 *A. 2d* 456.

*Mr. Nathaniel Rogovoy* argued the cause for appellants (*Messrs. Rogovoy, Porreca & Okoniewski,* attorneys; *Mr. Nathaniel Rogovoy* on the brief).

*Mr. Philip A. Gruccio* argued the cause for respondent (*Messrs. Tuso, Gruccio and Tuso,* attorneys; *Mr. George A. Ciervo* on the brief).

The opinion of the court was delivered

PER CURIAM. Plaintiff Betty Cramer instituted a suit for personal injuries sustained when an automobile driven by the defendant struck the rear of an automobile owned and operated by her husband, plaintiff Albert Cramer. At the

time of the accident Mrs. Cramer was a passenger in her husband's automobile. Albert Cramer seeks damages *per quod.*

In his answer defendant denied negligence and also alleged that a general release executed by the plaintiffs barred the action. Plaintiffs replied that the release was void because it had been obtained by the "trick and artifice, amounting to fraud" of the claims adjuster representing defendant's insurance company and because "of a mutual mistake of fact" concerning a herniated disc sustained by Mrs. Cramer which was unknown when she executed the release and which was not discovered until about three months later. The release was executed 15 days after the accident. Plaintiffs received a total consideration of $800 which included amounts for damage to the automobile and the personal injuries to both plaintiffs.

Relying on the pleadings and on affidavits executed by the plaintiffs and the claims adjuster, the trial court granted defendant's motion for summary judgment. The judgment was based on the court's findings that the defendant's insurance company "at all times dealt fairly and honestly with plaintiffs" and that there was no "mutual mistake of a present fact." Plaintiffs appealed and we certified the cause on our own motion prior to argument in the Appellate Division.

█ It is well settled that a summary judgment (*R. R.* 4:58) should not be granted where the pleadings and affidavits of the parties raise genuine issues of fact. *Judson v. Peoples Bank & Trust Co. of Westfield,* 17 *N. J.* 67 (1954). In the present case the parties have presented opposing factual contentions. Defendant asserts that there was no fraud, overreaching or unconscionable conduct, while the plaintiffs allege that the release was procured through the deception and unfair actions of the claims adjuster.

█ We find the present record inadequate for a proper determination of any issue raised on this appeal and direct that the case be remanded to the trial court so that the facts

concerning the execution of the release may be fully developed by trial evidence.[1]

Reversed.

*For reversal*—Chief Justice WEINTRAUB and Justices JACOBS, FRANCIS, PROCTOR, HALL and SCHETTINO—6.

*For affirmance*—None.

[1] For a general discussion of the problems relating to settlement agreements in personal injury cases see authorities cited at footnote 2 in *Raroha v. Earle Finance Corp., Inc.*, 46 *N. J.* 229 (slip opinion p. 6) (1966).